(91 South. 437)

No. 24217.

## CAYARD v. CARROLLTON FEED CO.

(March 6, 1922. Rehearing Denied by Division B April 17, 1922.)

(Syllabus by Editorial Staff.)

Municipal corporations ⬧⟩705(2)—Truck driver not liable for collision in sudden turn to avoid collision impending through another's fault.

Where the driver of an automobile approaching a street intersection continued on his course on the unwarranted assumption that a truck on the intersecting street would turn the corner, and the truck driver, to avoid a collision, made a sudden turn to the right, but collided with the automobile because it also turned, the truck driver was not responsible for the accident.

Appeal from Civil District Court, Parish of Orleans; Wynne G. Rogers, Judge.

Action by Robert Cayard against the Carrollton Feed Company. From a judgment for plaintiff, defendant appeals. Reversed, and plaintiff's demand rejected and disallowed.

Arthur A. Moreno, of New Orleans, for appellant.

James Barkley Rosser, Jr., of New Orleans, for appellee.

By Division A, composed of Chief Justice PROVOSTY and Justices OVERTON and LECHE.

OVERTON, J. Plaintiff instituted this suit against defendant to recover damages aggregating $2,086.50, with legal interest from judicial demand till paid. He alleges that these damages were occasioned by an automobile accident which he contends was due to the fault of defendant's driver.

The question to be determined is purely one of fact. Two conflicting theories are advanced as to how the accident occurred, one by plaintiff and the other by defendant. Our appreciation of the evidence satisfies us that defendant's theory is substantially correct, and that defendant is not responsible for the accident.

The accident occurred at the junction of Banks street and Tulane avenue, in this city. At that point Banks street is quite wide, and runs into Tulane avenue at an acute angle. Defendant's driver was running its truck on Tulane avenue to its place of business on Carrollton avenue, which was nearer for him than to go by way of Banks street. Plaintiff was driving his automobile on Banks street, near the center thereof, intending to enter

Tulane avenue. He saw defendant's truck some little distance before it reached the point where the accident occurred, and as the truck reached the junction of Tulane avenue and Banks street he concluded that defendant's driver intended to enter Banks street, and hence continued his course; for, if his conclusion had been correct, he would have been perfectly safe in doing so. Defendant's driver had, however, no such intention, and gave no signal to that effect, but intended to continue his course along Tulane avenue. On account of plaintiff's continuing his course, without reference to that of the truck, it at once became evident to the driver of the latter, that, unless something should be done immediately, a collision would be unavoidable. He therefore turned his truck sharply to the right, intending to pass to the left of plaintiff's automobile, forming something of a semicircle. This would have avoided the accident, in all probability, had plaintiff not turned to the left. His action in turning to the left, destroyed the result expected by defendant's driver in making the sharp turn, and caused the truck to strike the side of plaintiff's automobile, by which contact the damage was occasioned. This explanation of how the accident occurred accounts fully for the sharp turn that defendant's driver made out of his course, and upon no other theory, in our view, can the accident reasonably be explained.

As plaintiff erred in presuming that defendant's driver intended to enter Banks street without sufficient reason for making such error, no signal having been given that he would, and as plaintiff continued his course upon that presumption until something had to be done at once to avoid an accident, the fault was with plaintiff, and not defendant, and hence plaintiff cannot recover.

For the reasons assigned, it is ordered, adjudged, and decreed that the judgment appealed from be reversed, and that plaintiff's demand be rejected and disallowed, at his costs in both courts.

Rehearing refused by Division B, composed of Justices O'NIELL, LAND, and BAKER.